UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOEY RIDDLE,                                                                                              Plaintiff,

v.                                                                                  Civil Action No. 3:15-cv-841-DJH

JEFFERSON COUNTY BOARD OF
EDUCATION and DR. DONNA HARGENS,                                          Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The Jefferson County Board of Education (JCBE) demoted Joey Riddle from principal of Buechel Metropolitan High School to an assistant-principal position at a different school. The demotion occurred after JCBE approved a plan to merge Buechel with another school. Riddle sued JCBE and Superintendent Donna Hargens, alleging that JCBE failed to provide him adequate due process. (Docket No. 1-1)  He also asserts several state-law claims, including claims for wrongful demotion, defamation, and violations of the Kentucky Constitution and the Kentucky Whistleblower Protection Act.  The defendants moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6).  (D.N. 4)  Subsequently, Riddle moved to amend his complaint.  (D.N. 17) Because the Court concludes that the proposed amendments would be futile, Riddle's motion to amend will be denied, and the defendants' motion to dismiss will be granted.

**I. BACKGROUND**

In 2011, Joey Riddle became principal at Buechel Metropolitan High School, an alternative school.  (D.N. 17-1, PageID # 142)  In October 2014, a Buechel social worker reported complaints to Superintendent Hargens about students being sent home from school. (*Id.*, PageID # 143)  An investigation followed, during which Riddle claims he was interviewed

by investigators without ever being told the subject matter of the investigation or being given the opportunity to prepare responses to specific questions. (*Id.*)

On March 27, 2015, Riddle and the other alternative-school principals were ordered to attend a meeting on March 30, 2015. The purpose of the meeting was to allow Superintendent Hargens and members of JCBE to present a detailed proposal outlining reform of the alternative schools.[1] (*Id.*, PageID # 144) Prior to the meeting, Riddle was questioned by a board member about the proposed changes. (*Id.*, PageID # 144–45) In response, Riddle expressed concern that merging middle schools and high schools for behaviorally challenged children could be dangerous to staff, students, and the community at large. (*Id.*, PageID # 145) Riddle voiced these same concerns at the meeting on March 30, 2015. (*Id.*) About a month later, on April 27, 2015, the board approved a revised proposal that eliminated Riddle's job. (*Id.*, PageID # 146) On May 5, 2015, Riddle was informed that he must accept a demotion from principal to assistant principal. (*Id.*)

Riddle sued JCBE and Superintendent Hargens, in her individual and official capacities. (D.N. 1-1, PageID # 8) He claims that he was demoted without due process of law and that the investigation leading to his demotion violated his due process rights because he was not informed of the allegations against him. (*Id.*, PageID # 14) The defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6). (D.N. 4) Subsequently, Riddle moved to amend his complaint. (D.N. 17) In the amended complaint, Riddle no longer asserts a claim under the Kentucky Constitution. However, he adds a new claim under 42 U.S.C. § 1983, alleging that his demotion was motivated, at least in part, by the exercise of his First Amendment right of free speech. (D.N. 17-1, PageID # 148) The amended complaint also contains Riddle's previous

---

[1] It is unclear from the pleadings what prompted these reforms.

state-law claims of wrongful demotion and defamation, as well as a claim under the Kentucky Whistleblower Protection Act. (*Id.*, PageID # 149–50)

## II. STANDARD

Leave to amend a complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if a proposed amended complaint could not survive a motion to dismiss, amendment is futile and need not be allowed. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679.

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Claims

In his original complaint, Riddle alleged that he had a protected property right in his employment and was entitled to due process of law. (D.N. 1-1, PageID # 14) In his amended complaint, Riddle maintains that he had a protected property right in his employment. (D.N. 17-

3

1, PageID # 147) He claims that the defendants violated this right by "pursuing and persisting in official and unofficial investigations which did not permit Riddle the opportunity to know the allegations against him" and "denying him the opportunity to respond," by "defaming his performance and good name as an educator," and by demoting him to an assistant-principal position. (D.N. 17-1, Page ID # 147)

Riddle's amended complaint emphasizes his reputational injury and adds a First Amendment claim not asserted in the original complaint. Riddle first alleges that he was deprived of his right not to be demoted without cause or, alternatively, that he was subjected to an investigation without due process, thereby damaging his reputation. (D.N. 17-1, PageID # 147) He further asserts that his First Amendment rights were violated, claiming that his demotion was motivated at least in part by him voicing his concerns over the proposed reform of the alternative schools. (D.N. 17-1, PageID # 148) However, the allegations in the amended complaint are still insufficient to survive a motion to dismiss. The proposed amendment is therefore futile, and the motion to amend will be denied.

**1. Demotion**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a procedural due process claim under section 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The viability of Riddle's claim depends on whether he had a property right in continued employment. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–78 (1972). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 577. There must be "some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Bailey v. Floyd Co. Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997). If Riddle had a property right in continued employment, the state could not deprive him of this right without due process of law. *Goss v. Lopez*, 419 U.S. 565, 573–74 (1975).

Kentucky's Teacher Tenure Act grants "continuing service status" to certain teachers who meet the statutory qualifications. Ky. Rev. Stat. Ann. § 161.740 (West 2016). In other words, this statute grants qualifying teachers a property interest in their positions. *Culbreth v. Covington Bd. of Educ.*, No. 07-73-DLB, 2008 WL 5096051, at *3 (E.D. Ky. Dec. 1, 2008). However, there is no similar statute granting continuing service status to school administrators. *Bailey*, 106 F.3d at 141; *Culbreth*, 2008 WL 5096051 at *3; *Hooks v. Smith*, 781 S.W.2d 522, 523 (Ky. Ct. App. 1989). Riddle was a school principal at the time of his demotion, which qualifies him as an administrator within the meaning of the law. Ky. Rev. Stat. Ann. § 161.720(8) (West 2016). Therefore, he had no statutory right to continued employment. *See Culbreth*, 2008 WL 5096051, at *3 ("[U]nder Kentucky law[,] administrators do not possess a property interest in their positions cognizable by the Fourteenth Amendment.").

While Kentucky law does not grant continuing service status to school administrators, it does outline the procedures for demotion of administrators, as well as the appeals process. An administrator who has completed three years of administrative service, like Riddle, is entitled to notice of the demotion and may contest the demotion within ten days of receipt of that notice.

Ky. Rev. Stat. Ann. § 161.765(a) (West 2016). Riddle never contested his demotion. His complaint claims that requesting an administrative hearing would have been futile (D.N. 1-1, PageID # 15), but under the statute, submitting a written notice contesting demotion would have entitled Riddle to learn the grounds for his demotion and receive a hearing. *See* Ky. Rev. Stat. Ann. § 161.765(b)–(f) (West 2016).

In the absence of a statute granting a property right in continued employment, a plaintiff may claim that a contractual right to continued employment exists. *See Bailey*, 106 F.3d at 141. "In Kentucky, unless the parties specifically manifest their intention to condition termination only according to express terms, employment is considered 'at will.'" *Id.* (citing *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 491 (Ky. 1983); *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 826–27 (Ky. Ct. App. 1987); *Gryzb v. Evans*, 700 S.W.2d 399 (Ky. 1985)). "An at-will employee is subject to dismissal at any time and without cause; consequently, an at-will employee cannot effectively claim a protectable property interest in his or her job. However, the parties to an employment contract can make the employment relationship terminable only for cause 'by clearly stating their intentions to do so.'" *Id.* (quoting *Shah*, 655 S.W.2d at 492). If so, a property right in continued employment may arise. *Id.*

Neither Riddle's original complaint nor his proposed amended complaint alleges any facts from which the Court could reasonably infer that such a contract right to continued employment existed here. Because Riddle had no contractual or statutory property interest in continued employment as principal, the proposed amendment to his complaint could not survive a motion to dismiss and is futile. Similarly, the analogous claim in the original complaint fails to state a claim for relief and must be dismissed.

**2. Investigation**

Riddle also asserts in his original and amended complaints that he was subjected to an investigation without due process of law, causing damage to his reputation. (D.N. 1-1, PageID # 10) (D.N. 17-1, PageID # 147) The investigation Riddle refers to arose when Superintendent Hargens received complaints from a Buechel Metropolitan High School social worker that students were being sent home from school. (D.N. 1-1, PageID # 10) (D.N. 17-1, PageID # 143) An investigation followed, during which Riddle claims he was never told the subject matter of the investigation or given the opportunity to respond to specific allegations. (D.N. 1-1, PageID # 14) (D.N. 17-1, PageID # 147)

Because Riddle has no property right in continued employment as principal, his remaining claim regarding the investigation rests solely on the alleged reputational harm. However, reputational injury alone, apart from some more tangible interest such as employment, is not sufficient to invoke the procedural protections of the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 701 (1976). Seeming to recognize this, Riddle attempts to argue that his demotion was an "alteration of status" that, in combination with his reputational injury, warrants protection under the Due Process Clause. (D.N. 8, PageID # 67) If harm or injury to reputation does not result in any change of "status as theretofore recognized under the State's laws," there is no deprivation of any liberty or property interest. *See Paul*, 424 U.S. at 712. A mere change in circumstances will not suffice, however. Rather, to be actionable, any change in status or deprivation of a right must involve a status or right conferred by state law. *See id.* at 711–12; *Naegele Outdoor Adver. Co. of Louisville v. Moulton*, 773 F.2d 692, 702 (6th Cir. 1985) ("[D]efamation alone will not suffice, but must accompany the alteration of a recognized interest or status created by the state."). As explained above, continued employment as a principal is not

a status or right recognized under Kentucky law. *Culbreth*, 2008 WL 596051, at *3; *Hooks*, 781 S.W.2d at 523–24. Without an accompanying property right, Riddle's reputational-injury claim cannot stand. Therefore, the amendment to the complaint would fail to survive a motion to dismiss and is futile. For the same reasons, the original complaint fails to state a claim upon which relief may be granted and must be dismissed.

### 3. First Amendment

Finally, Riddle's amended complaint adds a new claim under section 1983, alleging that his First Amendment rights were violated because he spoke out against the proposed changes regarding alternative middle and high schools in the district and was subsequently demoted. (D.N. 17-1, PageID # 148) His First Amendment claim fails because he has not established that his speech was constitutionally protected.

A plaintiff alleging a free-speech violation must plead factual allegations sufficient for the Court to infer that: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012). "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Generally, however, a public employee's speech is not constitutionally protected. *Handy-Clay*, 695 F.3d at 539; *Connick v. Myers*, 461 U.S. 138, 147 (1983). To establish that his speech was constitutionally protected, a public employee must show that: (1) the speech was made as a private citizen, rather than pursuant to official duties; (2) the speech involved a matter of public concern; and (3) his interest as a citizen in speaking on the

matter outweighed the state's interest, as an employer, in promoting the efficiency of the public services it performs through its employees. *Handy-Clay*, 695 F.3d at 540 (citing *Garcetti*, 547 U.S. at 417–18).

The Sixth Circuit weighs a number of factors concerning the content and context of speech to determine whether a public employee's speech was made pursuant to professional duties or as a private citizen. These factors include the impetus for the speech, the setting of the speech, the speech's audience, the general subject matter of the speech, whether the speech was made to individuals up the chain of command, whether the speech was made inside or outside the workplace, whether the speech concerned the subject matter of the speaker's employment, and whether the content of the speech was "nothing more than the quintessential employee beef: management has acted incompetently." *Id.* at 540–41 (internal quotations and citations omitted).

Here, the speech in question occurred first in a private meeting between Riddle and a JCBE member and again at a meeting that was attended by JCBE members, Superintendent Hargens, and other alternative-school principals. (D.N. 17-1, PageID # 144–45) The speech thus did not occur in a public setting. Moreover, the speech reflected Riddle's opinion on the proposed changes to the alternative schools—the topic of and reason for the meeting. (*Id.*) In short, the facts alleged by Riddle demonstrate that his speech was made not as a private citizen, but rather in reference to his professional duties. He thus fails to establish that his speech was constitutionally protected, *see Handy-Clay*, 695 F.3d at 540, and his First Amendment claim is futile.

## B. State-Law Claims

Because the complaint fails to state any viable claim under section 1983, all that remain are state-law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise

9

supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Having dismissed the federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Riddle's state-law claims, and these claims will be dismissed without prejudice. *See Runkle v. Fleming*, 435 F.App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).

## IV. CONCLUSION

Riddle had no valid property interest in his continued employment as principal at Buechel Metropolitan High School. Nor did the investigation conducted at Buechel implicate procedural due process protections. Thus, the Court concludes that Riddle has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The amendments to Riddle's complaint are similarly deficient and therefore futile. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff's motion for leave to amend the complaint (D.N. 17) is **DENIED**.

(2) Defendants' motion to dismiss for failure to state a claim (D.N. 4) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

September 27, 2016

                                                    **David J. Hale, Judge**
                                          **United States District Court**